**Priscilla L. BERGEY**

v.

**Darren DeGREENIA, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 15, 1996.

Decided April 26, 1996.

William L. Dawson, Jr., Glass & Dawson, P.A., Belfast, for Plaintiff.

John C. Walker, John C. Walker & Associates, P.A., Portland, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

LIPEZ, Justice.

 This case is before us on report from the Superior Court (Knox County, *Marden, J.*) pursuant to M.R.Civ.P. 72(c).[1] The court reported the following question:

Whether a jury verdict form containing both elements of negligence in a single sentence, drafted in the conjunctive, which the jury answered in the negative leaves any genuine issue of material fact as to the defendants' negligence, and thus, whether the defendants are entitled to summary judgment as a matter of law?

The reported question refers to a jury verdict form used in a previous case between the plaintiff's husband, Wayne Bergey, and one of the defendants in this case, Smith & May Masonry. In that case, Wayne sought damages from Smith & May, on a respondeat superior theory, for Darren Degreenia's alleged negligence in causing a 1990 car accident in which Wayne and his wife Priscilla were injured. The verdict form read as follows:

1) Was Defendant negligent and was Defendant's negligence a proximate cause of injury and damage to Plaintiff, Wayne Bergey?

The jury answered this interrogatory "[n]o."

Priscilla Bergey sued Degreenia and Smith & May in a second lawsuit for negligence in the same 1990 car accident. Degreenia and Smith & May moved for a summary judgment on the grounds that the judgment in Wayne's case precluded Priscilla from litigating her claim against them on the basis of either res judicata or collateral estoppel. The Superior Court denied defendants' motion for a summary judgment, concluding that the wording of the verdict form created an ambiguity in the meaning of the verdict, and hence a genuine issue of material fact. The Superior Court stated in its order:

... the jury verdict rendered in 1993 states a single response to a question containing both elements of the law of negligence, i.e., negligence and proximate cause. Inasmuch as the jury was presented with both elements in the same question, is it possible that the verdict was to find the defendant negligent but that the defendant's negligence was not the proximate cause of Mr. Bergey's injuries, leaving the possibility that another jury might find the defendant negligent and that negligence is a proximate cause of the plaintiff's injuries?

In response to the court's order, the defendants filed a motion pursuant to M.R.Civ.P. 72(c) to report the question of whether the jury's verdict in Wayne's case was so ambiguous as to create a genuine issue of material fact.

The record establishes that the jury's verdict in the action between plaintiff's husband and Smith & May was based solely on the issue of negligence because the parties in that action stipulated that the accident was the proximate cause of injury and damage to plaintiff. Accordingly, the only possible basis for the jury's verdict was the absence of negligence by Smith & May. Because the answer to the question set forth in the report is apparent from the record, the report was improvidently granted and we discharge the report.[2]

1. M.R.Civ.P. 72(c) provides:
 If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

2. In seeking and opposing a summary judgment, the parties were concerned solely with the preclusive effect, if any, of the previous judgment. They did not argue the issue of the ambiguity of the jury verdict form. That issue was raised *sua sponte* by the court in its decision denying the motion of the defendants for a summary judgment. Although defendants subsequently filed a motion to report the question of the ambiguity of the verdict form, and argued in support of the motion that the verdict was not ambiguous, defendants did not mention the stipulation. Accordingly, the fact that there had been a stipulation as to causation in the previous case was never brought to the court's attention.

**114** 

The entry is: All concurring.

Report discharged. Remanded for further
proceedings.

